1  THE HONORABLE JOHN C. COUGHENOUR
2
3
4
5
6
7  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
8  AT SEATTLE

9  SOMERSET COMMUNICATIONS GROUP,
   LLC, a Washington limited liability company,        No. 2:13-cv-02084-JCC
10
                                                       **DEFENDANTS' REPLY IN SUPPORT**
11                  Plaintiff,                         **OF MOTION TO DISMISS**

12          vs.
                                                       **NOTE ON MOTION CALENDAR:**
13  WALL TO WALL ADVERTISING, INC., a                  **FEBRUARY 7, 2014**
    Delaware corporation; DONALD E.
14  MACCORD JR., and ANDREA MACCORD,
    individually and as a marital community,
15  SHANNON DOYLE and TRACEY Z.
    DOYLE, individually and as a marital
16  community; S.D. DOYLE, LTD., a Maryland
    corporation; and FOURPOINTS HOLDING,
17  LLC, a Delaware limited liability company,

18                  Defendants.

19
20
21
22
23
24
25

DEFENDANTS' REPLY IN SUPORT OF
MOTION TO DISMISS
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiff's Complaint should be dismissed because it fails to meet the PSLRA's strict standards for pleading securities fraud. In addition to lacking the requisite particularity, the Complaint fails to adequately plead that Defendants possessed a deliberately indifferent state of mind or that Somerset has suffered losses as a result of the alleged misstatements. Because the Complaint does not meet the unique and heightened pleading requirements of the PSLRA the Court should grant Defendants' Motion to Dismiss.

## I.  REPLY ARGUMENT

### A. The PSLRA Was Enacted to Prevent Pleading Fraud by Hindsight as Plaintiffs do Here

The PSLRA was passed by Congress in 1995 in order "to protect investors, issuers, and all who are associated with our capital markets from abusive securities litigation." H.R. Conf. Rep. No. 104-369, at 32 (1995). Congress noted that as a result of the abusive securities litigation practices, "innocent parties [we]re often forced to pay exorbitant 'settlements'", and there were potential negative consequences to the economy, the pool of qualified individuals willing to serve on boards, and the willingness of issuers to discuss future prospects for fear of baseless lawsuits. *Id.*; *See also* John F. Olson et al., *Pleading Reform, Plaintiff Qualification and Discovery Stays Under the Reform Act*, 51 Bus. Law. 1101, 1103 (1996).

The present action is just the sort that Congress intended to prevent with the PSLRA. This is not a matter of fraud but rather one of regret and an attempt by Plaintiff to seek compensation via the securities laws for an investment that he is displeased with. Plaintiff seeks to twist forward looking statements and other projections made by Defendants into the mold of fraudulent and material misstatements. Such pleading of fraud by hindsight is not allowed. *In re Patterson Companies, Inc. Sec., Derivative & ERISA Litig.*, 479 F. Supp. 2d 1014, 1030 (D. Minn. 2007). Here, not only was Plaintiff a sophisticated investor who

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS – 1
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

understood and conducted diligence on the investments he made, but Plaintiff appreciated the market dynamics in play given the sluggish economy and the challenges involved in the business plan outlined by Fourpoints.

  **B. The Complaint Fails to State With Particularity Facts Alleging Fraud**

  In particular, the PSLRA established more stringent pleading requirements, which were intended, among others, to curtail the practice of "pleading fraud by hindsight." *In re Vantive Corp. Sec. Litig.*, 110 F. Supp. 2d 1209, 1216 (N.D. Cal. 2000), *aff'd*, 283 F.3d 1079 (9th Cir. 2002). Congress specifically intended the pleading requirements to be difficult to meet in the absence of discovery. *See Medhekar v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996).

  Plaintiffs in a 10(b) securities action are required to "state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter, i.e., the defendant's intention to deceive, manipulate, or defraud." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2504 (2007). Plaintiffs must "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1)(B). For allegations pleaded on information and belief plaintiffs must "*state with particularity all facts* on which that belief is formed." *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 985 (9th Cir. 1999) (emphasis added) (plaintiffs must "provide, in great detail, all the relevant facts forming the basis of [their] belief"). Conclusory allegations and the absence of sufficient facts alleged under a cognizable legal theory justifies dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Penn. Ave. Funds v. Borey*, 569 F. Supp. 2d 1126, 1129 (W.D. Wash. 2008) (internal quotations omitted).

  Here, contrary to Plaintiff's assertion, the Complaint does not specify with particularity each statement alleged to have been misleading and the reasons why the statement is misleading. Recognizing that many of its allegations are vague and unsupported,

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS – 2
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiff hangs its hat on two alleged statements that it contends were misrepresentations. Opposition Brief at 2-3. However, close examination reveals that the allegations amount to conclusory statements that require a factual leap to arrive at Plaintiff's conclusions. First, Plaintiff alleges that Defendants misrepresented to Somerset the revenue generated by billboards on Pala Indian land. Opposition Brief at 2-3. In support of the misrepresentation, Plaintiff alleges that "sometime in or before June 2009, the Pala Indian Tribe deal was terminated" but FPC's Statement of Operations from January through June 2009 still included projected revenue from the Pala Indian deal and FPC's Operational Results/Projection Summary for 2009-10 still included expected revenue from the Pala Indian deal (ECF, No. 1, ¶ 3.9, 3.14, 3.17). Notably, Plaintiff does not state the basis for its belief that the Pala deal was "terminated" in June 2009, or what exactly is meant by the deal being "terminated." The Complaint does not contain allegations regarding whether the Pala Indian deal would produce more revenue, or whether revenue was still owing from the Pala deal despite its "termination." Indeed, there are no allegations about the reasons or even the specific timing of the alleged "termination" which underpins the Plaintiff's allegation. The Complaint does not address whether future revenue was expected on the basis of wrongful termination fees or litigation stemming from the termination. For Plaintiff's allegation to amount to a misrepresentation, a factual leap is required and the reader must make the *assumptions* that (i) the deal was terminated before the second quarter results were prepared, (ii) that "termination" meant that no further revenue was expected, and (iii) that there was no reason to expect that termination fees or revenue from litigation would result. Because such assumptions are necessary for Plaintiff's allegations to amount to a misrepresentation, the Complaint does not meet the strict "all facts" standard of the PSLRA. *Silicon Graphics*, 183 F.3d at 985.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS – 3
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Second, Plaintiff alleges that by failing to inform Somerset that FP Investors had withdrawn funding, Defendants misrepresented the state of FPC. Opposition Brief at 2-3. Again, in order to find that such an allegation amounts to a misrepresentation, more facts are needed. For example, the Complaint does not allege what percentage of total revenue the FP Investors funding comprised or why its omission was material. The Complaint simply alleges that this fact should have been disclosed.

In short, the Complaint does not "provide, in great detail, all the relevant facts forming the basis of [Plaintiff's] belief." *Silicon Graphics, Inc.*, 183 F.3d at 985. As such, it is inadequate and should be dismissed.

### C. There is No Strong Inference That Defendants Acted With Intent or Deliberate Recklessness

To survive dismissal, the Complaint must state particular facts that give rise to a strong inference that defendants acted with "intent to deceive or ... deliberate recklessness." *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 987 (9th Cir. 2008). Such inferences must be at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).

Plaintiff contends that scienter may be inferred to MacCord and Doyle based on their status as executives and their access to information, relying in part on *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000). Opposition at 7. However, the *Novak* court identified several important limitations on the scope of liability for securities fraud based on reckless conduct, including refusing to allow allegations of "fraud by hindsight" and requiring plaintiffs to "specifically identify the reports or statements containing [] information" that is allegedly contrary to public statements. *Id.* at 309. The *Novak* court also noted that "allegations of GAAP violations or accounting irregularities, standing alone, are insufficient to state a securities fraud claim." *Id.*

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS – 4**
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Here, Plaintiff contends that FPC's Statement of Operations from January through June 2009 and FPC's Operational Results/Projection Summary for 2009-10 amounted to misstatements because they noted "expected" revenue from the Pala Indian deal. However, the Complaint fails to "identify the reports or statements" containing the contrary information, beyond a vague averment that that the "deal was terminated." ¶ 3.9. As noted above, to find that such an allegation was a misstatement – let along a misstatement with the requisite intent – requires a logical leap.

Additionally, Plaintiff's contention that Defendants "recognized revenue" before it was earned is at odds with the allegations in the Complaint. Opposition at 9. The Complaint simply states that the Statement of Operations from January through June 2009 and FPC's Operational Results/Projection Summary for 2009-10 noted "projected" or "expected" revenue from the Pala Indian deal. ¶ 3.14, 3.17. Plaintiff attempts to read allegations into the Complaint that simply are not there.

Nearly all of the "misstatements" that are identified in the Complaint amount to reasonable, forward-looking opinions that do not, as Plaintiff avers, suddenly become material misstatements because they did not materialize as expected. The pleading of fraud by hindsight is not allowed. *In re Patterson*, 479 F. Supp. 2d at 1030 (Reliance on a company's later statements to allege that defendants knew its earlier projections were unattainable "is the very essence of pleading fraud by hindsight the PSLRA is designed to prevent."). Contrary to Plaintiff's assertions, there are equally compelling inferences of nonfraudulent intent for the alleged misstatements. For example, the Complaint does not address whether FPC expected to receive funds from the Pala tribe as a result of the termination. Accordingly, the Complaint fails to allege the requisite scienter to maintain a securities claim.
DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS – 5
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

D.  **The Complaint Fails to Adequately Allege Loss Or Loss Causation**

Even assuming Plaintiff adequately pleaded scienter and otherwise met the requirements of the PSLRA, as noted in Defendants' Motion to Dismiss, Plaintiff has not adequately pleaded loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (holding loss causation not adequately pleaded when the complaint did not claim that the "share price fell significantly after the truth became known"). Establishing loss causation is important in that it establishes that the Plaintiff's damages were proximately caused by the alleged misstatements and therefore that Defendants may be subject to liability. *Id.* at 344.

Recognizing the weakness in its claim, Plaintiff attempts to buttress its argument by contesting that Somerset suffered a "complete loss" as a result of the alleged misstatements. Opposition at 7. However, this does nothing to address the fact that the Complaint fails to adequately allege either that Plaintiff entered into the transaction as a result of the alleged misstatements[1] or that the deceptive acts form the basis of the injury suffered by Plaintiff. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 949 (9th Cir. 2005); *Wojtunik v. Kealy*, CV03-2161PHX-PGR, 2006 WL 2821564 at *3 (D. Ariz. Sept. 30, 2006). The Complaint offers only what amount to conclusory statements that Plaintiff has "suffered damages exceeding $75,000." *See, e.g.*, ¶ 4.21.

Now, in an attempt to address this deficiency after the fact, Plaintiff reads allegations into the Complaint by contending that Somerset has suffered a "complete loss." Plaintiff's argument that it has suffered a "complete loss" that was "unquestionably" caused by Defendants apparently relies on the allegation in paragraph 3.35 of the Complaint, which

---

[1] As noted in Defendants' Motion to Dismiss, ECF No. 15, the Complaint offers nothing in the way of connecting the alleged misstatements to the Plaintiff's purchase beyond the formulaic statements that "Somerset reasonably relied" or "justifiably relied" on the documents that were provided by Defendants. ¶ 3.27, 4.7. In fact, the second, third, fourth, fifth, sixth, and seventh causes of action all fail entirely to plead that the alleged misstatements were in any way related to the Plaintiff's purchase of the units.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS – 6
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

alleges that Somerset received a letter from FPH asserting "that Somerset held no membership interest in FPH." ¶ 3.35. Far from alleging a "complete loss," this averment establishes, *at most*, that Somerset received a letter and that a dispute may exist about the units that were assigned to Somerset. The Complaint offers nothing by way of explaining how Plaintiff arrives at the conclusion that it has suffered harm at all or how it has quantified that harm. With respect to loss and loss causation, the Complaint offers nothing more than "labels and conclusions, and a formulaic recitation of [the] elements" that are inadequate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Pleading loss causation is important in that it establishes that the Plaintiff's damages were proximately caused by the alleged misstatements and therefore that Defendants may be subject to liability. *Dura*, 544 U.S. at 344. Inherent in loss causation is the establishment of how the loss was suffered and why Plaintiff believes it suffered a loss. Allowing plaintiffs to forego any indication of the economic loss suffered would permit a plaintiff "with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence." *Id.* at 347-48. "Such a rule would tend to transform a private securities action into a partial downside insurance policy." *Id.*

Here, the Complaint utterly fails to describe how Somerset has suffered a loss. The conclusory argument that Somerset suffered a "complete loss" based on a letter that it received from FPH does not hold water. This statement does not "provide[] the defendants with notice of what the relevant economic loss might be." *Dura*, 544 U.S. at 347. Somerset should not be allowed to use this private securities action as a downside insurance policy for an investment that did not turn out as it had expected.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS – 7
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## II. CONCLUSION

For the reasons stated above, Defendants request that the Court grant this Motion and enter an Order dismissing Plaintiff's claims with prejudice and granting such further relief as is appropriate and just.

DATED this 7th day of February, 2014.

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

*s/ Todd T. Williams*
Steven W. Fogg, WSBA 23528
Todd T. Williams, WSBA 45032
1001 4th Avenue, Suite 3900
Seattle, WA 98154-1051
Telephone: 206-625-8600
Facsimile: 206-625-0900
sfogg@corrcronin.com
twilliams@corrcronin.com

*Attorneys for Defendants Wall To Wall Advertising, Inc.; Donald E. MacCord Jr. and Andrea MacCord, Individually and as a Marital Community, Shannon Doyle and Tracey Z. Doyle, Individually and as a Marital Community; and S.D. Doyle, LTD.*

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS – 8
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

1. I am employed at Corr Cronin Michelson Baumgardner & Preece LLP, attorneys of record for Defendants Wall To Wall Advertising, Inc.; Donald E. MacCord Jr. and Andrea MacCord, Individually and as a Marital Community, Shannon Doyle and Tracey Z. Doyle, Individually and as a Marital Community; and S.D. Doyle, LTD.

2. I hereby certify that on February 7, 2014, I filed the foregoing document through the Court's ECF service which will send notification of filing to the following:

C. Chip Goss, WSBA No. 22112
TACEY GOSS PS
330 112th Ave NE, Suite 301
Bellevue, WA 98004
Telephone: 425-489-2878
Email: chip@taceygoss.com
*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 7th day of February, 2014 at Seattle, Washington.

_____
Lauren Beers

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS – 9
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900