The Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| Somerset Communications Group, LLC, | NO. 2:13 cv 02084 JCC |
|---|---|
| Plaintiffs, | |
| v. | DECLARATION OF LORRAINE BARRICK CPA/ABV/CFF, ASA, CFE |
| Wall to Wall Advertising, Inc., et al., | |
| Defendants. | |

I, Lorraine Barrick, hereby declare as follows:

1. I have been retained by defendants in this lawsuit to provide expert testimony regarding financial analysis, accounting and finance. I am competent to testify, and make this declaration based on my own personal knowledge.

2. I am a Certified Public Accountant, an Accredited Business Valuer and Certified in Financial Forensics by the American Institute of Certified Public Accountants, an Accredited Senior Appraiser with the American Society of Appraisers and a Certified Fraud Examiner. I am the sole proprietor of Lorraine Barrick LLC. I am a former partner of the public accounting and consulting firm Arthur Andersen, LLP. I have extensive experience in analyzing accounting and financial records, business valuation and preparation of forecasts of financial performance, review and analysis of private offerings and the information included therein, and

analyzing and preparing damage models. My curriculum vitae and a list of my testimony for the last four years are attached to this declaration as Exhibits 1.

3. It is my understanding that the Plaintiffs allege that the Defendants provided false or misleading information to the Plaintiffs in order to induce them to invest in Fourpoints Holdings, LLC (FPH).

4. I have been asked to address certain specific issues related to the disclosures made. These issues are discussed below.

**Basis for Preparation of Financial Projections**

5. My opinions are based on the American Institute of Certified Public Accountants' Guide to Prospective Financial Information, with conforming changes as of November 1, 2012[1] (the Guide), as well as my professional experience in preparing, analyzing and reviewing financial projections and other prospective financial information.

6. Chapter six of the Guide provides guidance to the party responsible for preparing financial forecasts. There are 11 guidelines that generally apply. These are as follows:

    i. Financial forecasts are prepared in good faith.

    ii. Financial forecasts are prepared with appropriate care by qualified personnel.

    iii. Financial forecasts are prepared using appropriate accounting principles.

    iv. The process used to develop financial forecasts provides for seeking out the best information that is reasonably available at the time.

    v. The information used in preparing financial forecasts is consistent with the plans of the entity.

    vi. Key factors are identified as a basis for assumptions.

    vii. Assumptions used in preparing financial forecasts are appropriate.

---

[1] AICPA Guide to Prospective Financial Information, with conforming changes as of November 1, 2012, copyright 2012 by American Institute of Certified Public Accountants, Inc.

    viii. The process used to develop financial forecasts provides the means to determine the relative effect of variations on the major underlying assumptions.

    ix. The process used to develop financial forecasts provides adequate documentation of both the financial forecasts and the process used to develop them.

    x. The process used to develop financial forecasts includes, where appropriate, the regular comparison of the financial forecasts with the attained results.

    xi. The process used to prepare financial forecasts includes adequate review and approval by the responsible party at the appropriate levels of authority.

7. While some of these guidelines are either fairly straightforward or not relevant to the situation as I understand it at this time, certain of these guidelines require further definition.

8. The first principle that the Guide articulates for financial forecasts is that they are prepared in good faith. According to the Guide:

> "6.09…Preparation of financial forecasts necessitates the use of judgment, and the responsible party should make a good-faith effort in preparing such statements.
>
> 6.10 Because a financial forecast reflects the responsible party's estimate of financial results based on its plans, good faith precludes preparing it with either undue optimism or pessimism.
>
> *6.10P Although a financial forecast prepared in good faith is neither unduly optimistic nor pessimistic, the purpose of a financial projection may require optimism or pessimism. For example, a break-even analysis may be prepared by a real estate developer who expects to realize income. Accordingly, the hypothetical assumptions used in a financial projection should be consistent with the purpose of the projection; the other assumptions, including assumed courses of action,*

*should be consistent with events expected to occur given the hypothetical assumptions."[2]*

9. The fourth guideline requires that the process used to develop financial forecasts provides for seeking out the best information that is reasonably available at the time. The Guide makes several important points regarding the process of seeking out the (1) best information that is (2) reasonably available (3) at the time:

> "6.20 Information relevant to financial forecasts comes from many sources, both inside and outside an entity. An effective process to develop financial forecasts provides for searching out the best information that is reasonably available relevant to developing assumptions that are appropriate in relation to the presentation. The information used would include any relevant historical information.
>
> *6.20P Although this guideline applies to financial projections, it need not be applied to hypothetical assumptions selected to analyze alternative courses of action. However, the assumptions other than the hypothetical ones should be developed by the responsible party using the best information that is reasonably available at the time, given the hypothetical assumptions.*
>
> 6.21 The acquisition of information ordinarily involves a cost, which is commensurate with the anticipated benefits to be derived from the information. For example, the cost of making a survey may far exceed any potential benefit, even though the survey might provide the most precise information available. This section does not intend that information be acquired regardless of costs, although cost alone is not sufficient reason not to acquire needed information.
>
> 6.22 Financial forecasts can be based only on information that is reasonably available at the time they are prepared. Often pertinent information becomes available only after financial forecasts have been completed or disclosed, or after the prospective period has expired. The fact that information existed does not necessarily mean that it was available to the preparers of the financial forecasts."[3]

---

[2] Ibid, pages 37-38.

[3] Ibid, page 38.

DECLARATION OF LORRAINE BARRICK
CPA/ABV/CFF, ASA, CFE - 4

4815-1413-1472.1

10. The sixth guideline requires that the assumptions used in preparing the financial forecasts are appropriate. According to the Guide: "The assumptions should be reasonable and suitably supported. The level of support should be persuasive, although there are times when a number of assumptions within a narrow range of possibilities may appear equally likely."[4] The Guide concludes its discussion of this guideline with the following insight:

> "Despite precautions, hindsight will often reveal assumptions that have been overlooked or that, in light of later circumstances, received inadequate treatment. Furthermore, the nature of developing financial forecasts is such that some assumptions may not materialize, and unanticipated events and circumstances may occur no matter what effort, analysis, or support may be applied."[5]

11. In my opinion, the preparation of prospective financial information, including forecasts of revenues and expenses, should be prepared in good faith by qualified personnel with appropriate care, using assumptions that are consistent with the best information available at the time. This is not inconsistent with the idea that the founders of the business are optimistic about its prospects and that optimism is reflected in the assumptions used to prepare the financial information, but rather that the assumptions are not unduly optimistic based on the information available at the time. It is also important to understand that prospective financial information is based on assumptions (and estimates stemming therefrom). According to the Guide: "Assumptions are the essence of developing financial forecasts and are the single most important determinant of such statements."[6] Unlike current financial information, future revenues have not yet been earned, and although forecasts of future revenues can be based on existing contracts and historical revenues, they are often not based on signed contracts or even existing relationships, but may be made based on assumptions regarding the company's sales pipeline, the outcome of marketing strategies, industry growth data, the experience of

---

[4] Ibid, page 41.
[5] Ibid.
[6] Ibid.

DECLARATION OF LORRAINE BARRICK
CPA/ABV/CFF, ASA, CFE - 5

4815-1413-1472.1

management and/or many other relevant factors. Finally it is important for an accredited investor to understand that financial forecasts are only estimates and that some assumptions may not materialize. The use of subsequent hindsight does not make an assumption unreasonable.

12. **Statement of Cash Flows**

13. It is my understanding that the Plaintiffs in this matter have complained that they were not given a Statement of Cash Flows, and that this would have been material information that they should have been supplied.

14. A Statement of Cash Flows is commonly prepared as a third financial statement (following the Balance Sheet and the Income Statement). In my experience, small unaudited companies are not required to produce a Statement of Cash Flows and many don't.

15. I am not aware of any requirement that a Statement of Cash Flows be disclosed in a private transaction between a shareholder of a private company (an investor) and a potential buyer of those shares. Furthermore, it is my understanding that the buyer in this case did not ask for a Statement of Cash Flows, and may be a registered broker of securities.[7] If this is true, it suggests that he had the requisite knowledge and experience to conduct proper due diligence as he saw fit.

16. Nevertheless, a Statement of Cash Flows can be prepared directly from the Balance Sheet and Income Statement of a company, both of which were given to the Plaintiffs in this case. Based on the documents produced by the Plaintiffs, the Plaintiffs were in possession of Balance Sheets as of December 31, 2007 and 2008 (P2246-P2247). These Balance Sheets have been reproduced in Exhibit 2a to this declaration. Plaintiffs were also in possession of Income Statements for the years ended December 31, 2007 and 2008 (P2248-P2249). These Income Statements have been reproduced in Exhibit 2b to this declaration. From these documents I have prepared a Statement of Cash Flows for the year ended December 31, 2008. This is

---

[7] According to FINRA BrokerCheck© William Roberts Moore III CRD#2333763.

included in Exhibit 2c to this declaration. Therefore, to this extent, even without requesting or receiving an historical Statement of Cash Flows, this information was available to the Plaintiffs.

I declare under penalty of the laws of perjury that, to the best of my knowledge, information and belief, the foregoing is true and correct.

EXECUTED this 30th day of January, 2015, at Seattle, Washington.

_____
Lorraine Barrick

DECLARATION OF LORRAINE BARRICK
CPA/ABV/CFF, ASA, CFE - 7

4815-1413-1472.1

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

1. I am employed at Corr Cronin Michelson Baumgardner Fogg & Moore LLP, attorneys of record for Defendants and Third-Party Plaintiffs.

2. I hereby certify that on March 27, 2015, I filed the foregoing document through the Court's ECF service which will send notification of filing to the following:

| | |
|---|---|
| C. Chip Goss, WSBA No. 22112<br>TACEY GOSS PS<br>330 112th Ave NE, Suite 301<br>Bellevue, WA 98004<br>Email: chip@taceygoss.com<br>*Attorneys for Plaintiff* | Clifford S. Davidson, WSBA No. 48313<br>SUSSMAN SHANK LLP<br>1000 SW Broadway, Suite 1400<br>Portland, OR 97205<br>Email: cdavidson@sussmanshank.com<br>*Attorney for Third-Party Defendant William Moore* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 27th day of March, 2015 at Seattle, Washington.

_____
Lauren Beers

DECLARATION OF LORRAINE BARRICK
CPA/ABV/CFF, ASA, CFE - 8

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900