THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOMERSET COMMUNICATIONS GROUP, LLC<br><br>Plaintiff,<br><br>v.<br><br>WALL TO WALL ADVERTISING, INC., *et al.*,<br><br>Defendants. | CASE NO. C13-2084-JCC<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Somerset Communications Group, LLC's Motion for Partial Summary Judgment. (Dkt. No. 71.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the Motion for the reasons explained herein.

I.  **BACKGROUND**

A complete summary of the facts of this case may be found in this Court's order denying Defendants' Motion for Summary Judgment. (Dkt. No. 67 at 1–4.) Plaintiff, Somerset Communications Group, LLC ("Somerset"), has brought the present Motion seeking summary judgment on several claims against Defendants Wall to Wall Advertising, Inc. ("W2W"), Donald and Andrea MacCord ("MacCord"), Shannon and Tracey Doyle ("Doyle"), and S.D. Doyle, Ltd. for securities fraud in connection with Somerset's purchase of shares of Four Points Holding,

LLC ("FPH"). (Amended Complaint, Dkt. No. 24.)

## II.      DISCUSSION

### A.      Standard of Review

#### 1. *Summary Judgment Standard*

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In ruling on summary judgment, a court must not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994). Material facts are those which might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255. The moving party must show that there are no genuine issues of material fact and that he or she is entitled to prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party achieves this, summary judgment is granted unless the nonmoving party "makes[s] a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen v. County. Of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).

#### 2. *Washington Securities Act Standard*

To establish liability under the Washington State Securities Act ("WSSA"), RCW 21.20 *et seq.*, Somerset must prove (1) that the seller made material misrepresentations or omissions about the security, and (2) the purchaser relied on those misrepresentations or omissions. *Stewart v. Estate of Steiner*, 122 Wash. App. 258, 264 (2004). Intent to defraud is not required under the

state statute. *Go2Net, Inc. v. FreeYellow.com, Inc.*, 126 Wash. App 769, 775 (2005). Under the WSSA, "reliance must be reasonable under the surrounding circumstances." *FutureSelect Portfolio Management, Inc. v. Tremont Group Holdings, Inc.*, 175 Wash. App. 840, 868 (2013). Because the WSSA's primary purpose is to protect those investing in securities, courts must liberally construe the act. *Id.*

### 3. Federal Securities Exchange Act Standard

To establish liability under the SEC's Rule 10b-5, Somerset must establish (1) a material misrepresentation or omission by W2W; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–342 (2005). A "private plaintiff must prove that the defendant acted with scienter, 'a mental state embracing intent to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). In the Ninth Circuit, scienter is satisfied by "either knowledge of falsity or conscious recklessness." *Gebhart v. SEC*, 595 F.3d 1034, 1041 n. 10 (9th Cir. 2010). "Reckless conduct is highly unreasonable and represents an extreme departure from the standards of ordinary care." *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1570 (9th Cir. 1990).

Considering all evidence in the light most favorable to the non-moving party, there are genuine issues of material fact that remain in dispute concerning W2W's statements regarding the Pala signs and the alleged use of forged member-manager consents. Thus, summary judgment is inappropriate.

### B. Plaintiff's Claims

#### 1. Washington Securities Fraud for False Assets and Revenue

Somerset alleges that MacCord and Doyle falsely represented FPH's assets and revenue in marketing FPH's securities. (Motion, Dkt. No. 71 at 9.) Somerset claims that in documents including the Investment Opportunity, Business Plan, and Operation Results/Projections Summary for 2009-2010, MacCord and Doyle falsely represented that the Pala signs were operational and producing revenue. (Amended Complaint, Dkt. No. 24 at 14.) In the Motion for Summary Judgment, Somerset seeks summary judgment on the WSSA claim for false assets and revenue asserting that: (1) MacCord and Doyle falsely reported monthly revenue from the Pala signs that were critical to year-end profitability, and (2) Somerset reasonably relied on MacCord and Doyle's representations. (Motion, Dkt. No. 71 at 10.) Somerset argues there is no genuine dispute of material fact as to the basis for their claim under the WSSA. (*Id.* at 8.)

Arguably, Somerset prevails on the first step of the WSSA claim; however the Court will issue no finding because Somerset cannot establish the second WSSA element as a matter of law. There is evidence in the record that the Pala signs were not included as "operational" in Somerset's Private Placement Memorandum ("PPM") dated November 30, 2009. (Dkt. No. 72-8 at 4–46.) Making inferences in the light most favorable to the nonmoving party, this evidence suggests that reliance might not have been reasonable. Accordingly, summary judgment is not appropriate in favor of Somerset because a genuine issue of fact remains regarding whether Somerset's reliance was reasonable.

2. *Federal Securities Fraud for False Assets and Revenue*

In the Motion for Summary Judgment, Somerset also seeks summary judgment on the Federal Securities Act claim for false assets and revenue because MacCord knowingly and deliberately represented that the Pala signs were operational and producing revenue after they had been shut down. (Dkt. No. 71 at 10.) Somerset argues that MacCord's declaration, an email

exchanged between Peter Hopper and MacCord, and a Settlement and Mutual Release of Claims document, establish that MacCord falsely represented assets and revenue. (Dkt. No. 71 at 12–13.) Somerset asserts there is no genuine dispute of material fact as to the basis for their claim under the Federal Securities Act.

W2W, in response, establishes disputes of fact with regard to Somerset's assertions when the evidence and inferences made are viewed in the light most favorable to W2W. In their response to Somerset's claim regarding current revenue, W2W argues the Settlement and Mutual Release of Claims document produced by Somerset is unsigned by Fourpoints Communication, LLC. (Response, Dkt. No. 75 at 2.) (*See also* Dkt. No. 73-8 at 8.) Thus, there is a reasonable dispute as to when W2W knew no revenue would be forthcoming from the Pala signs. Additionally, W2W presents contrary evidence that MacCord and Doyle had "good reason to believe the casino would make full payment under its existing lease obligations." (Declaration of Richard Trudell, Dkt. No. 76 at ¶ 6.)

Further, W2W argues that representations regarding the Pala signs' future revenue were not false when made. In order to be actionable under the Federal Securities Act, the Ninth Circuit has held that representation must be false "when made." *In re VeriFon Sec. Litig.*, 11 F.3d 865, 871 (9th Cir. 1993). Because the Federal Securities Act claim requires scienter, Somerset must establish that MacCord and Doyle made the misrepresentations with "actual knowledge that the statement was false and misleading." *In re Boeing Sec. Litig.*, 40 F. Supp. 2d 1160, 1167 (W.D. Wash. 1998). W2W argues the future revenue reported represented forward-looking projections that contained cautionary language and are protected by the "bespeaks caution" doctrine." (Response, Dkt. No. 75 at 8.) W2W has presented evidence that the PPM contained cautionary language regarding the investment. (Dkt. No. 72-8 at 6–10.) *See Employers Teamsters Local*

*Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1132–1133 (9th Cir. 2004) (holding that the "bespeaks caution" doctrine protects sellers from liability when forward-looking statements are accompanied by cautionary statements.)

Similar to the WSSA claims, the Federal Securities Act requires reliance, an element that is clearly disputable because, again, there is evidence in the record that the Pala signs were not included as "operational" in Somerset's PPM. (Dkt. No. 72-8 at 4–46.) If Somerset was aware of the issues with the Pala signs, the reliance element has not been met. Accordingly, the Court recognizes disputes of material fact with regard to Somerset's assertions of false assets and revenues when the evidence is viewed and inferences are made in the light most favorable to W2W.

### 3. Washington & Federal Securities Fraud for Forgery

Somerset alleges that MacCord and/or Doyle "forged the signatures on consents to the Assignment of Units agreements between W2W and Somerset." (Amended Complaint, Dkt. No. 24 at 22.) In the Motion for Summary Judgment, Somerset seeks summary judgment on the WSSA and Federal Securities Act claim for forged member-manager consents because MacCord admitted to re-using an approved waiver form from a previous transaction. (Motion, Dkt. No. 71 at 10, 12.) Somerset argues that these forged consent forms resulted in a direct loss of Somerset's full investment. (*Id.* at 12.) Additionally, Somerset supports this claim with Fourpoints Investors' Vice-President Martin Friedman's declaration which states MacCord "fraudulently used such form to effect the otherwise prohibited transfers." (*Id.* at 9.) Somerset argues there is no genuine dispute of material fact with regard to the forgery claim.

W2W, in response, argues there is a genuine dispute of fact regarding whether MacCord had the proper consent to sell FPH units to Somerset or if MacCord had the authority to do so.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 6

(Response, Dkt. No. 75 at 12.) In support of this assertion, W2W presents contrary testimony from MacCord stating that he "sought approval for the first few transactions and then later reused the same form, 'never doubting FP Investors/DHC would approve them.'" (*Id.*) (*See* Dkt. No. 77-1 at 4.) W2W further contends Somerset has not met its burden in establishing a causal connection between the forgery and the loss of investment. (*Id.* at 13.) In support of this assertion, W2W cites to Somerset's Investor Update and a March 2011 letter issued by Somerset stating that even if the sale had been invalid as to Fourpoints, Somerset still had shares in W2W. (Dkt. No. 75 at 14.) Specifically, Somerset explained that the FPH investment had not been lost but rather, "the value [of the shares] is less than the invested value at this time." (Dkt. No. 52-13 at 2.)

Accordingly, the Court finds disputes of material fact with regard to Somerset's allegations of forgery under the WSSA and Federal Securities Act when the evidence and inferences made are viewed in the light most favorable to W2W. Under the WSSA, the evidence is unclear whether MacCord had the authority to sell his units of FPH. Thus, summary judgment is inappropriate for the WSSA cause of action because there is a genuine dispute of material fact. Additionally, under the Federal Securities Act, there is a genuine dispute of fact whether the alleged forgery caused Somerset's loss. Thus, summary judgment is inappropriate for the Federal Securities Act claim.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 71) is DENIED.

//

//

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
PAGE - 7

DATED this 20 day of August 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE