The Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Somerset Communications Group, LLC,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Wall to Wall Advertising, Inc., et al.,<br><br>　　　　　　　Defendants. | NO.  2:13 cv 02084  JCC<br><br>PLAINTIFF'S MOTIONS IN LIMINE |

COMES NOW Somerset Communications Group, LLC, Plaintiff (Somerset), and makes the following motions in limine.  The Ninth Circuit affirmed that motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted).

**MOTION IN LIMINE NO. 1:**

Somerset moves to preclude Defendants from introducing evidence or arguments of estoppel, laches, in pari delicto or unclean hands defenses.

First, estoppel is an equitable defense explicitly rejected in Somerset's claims under the Washington Securities Act, RCW 21.20.010(2).  In Go2Net, Inc. v. FreeYellow.com, Inc.,

Plaintiff's Motions in Limine - 1 of  5

TACEY GOSS P.S.
330 112th Avenue NE, Suite 301
Bellevue, WA  98004
Office 425.489.2878  -  Facsimile 425.489.2872
WWW.TACEYGOSS.COM

158 Wn.2d 247, 258, 143 P.3d 590 (2006), the court held that equitable defenses of estoppel and waiver are unavailable in claims brought under RCW 21.20.010(2).  The court reasoned that:

> First, permitting a seller to assert equitable defenses is contrary to the Act's primary purpose of protecting investors. Because the Act is intended to deter a seller's presale misrepresentations and omissions, a seller should not be permitted to avoid statutory liability by shifting the focus to the postsale conduct of the uninformed investor. Second, because the Act sets forth a limited number of defenses to claimed violations of the Act, the Act's silence with respect to the equitable defenses of waiver and estoppel suggests that the legislature intended to exclude them.

Go2Net, 158 Wn.2d at 254.  This reasoning applies equally to defenses of *in pari delicto* and unclean hands which are also equitable in nature and are not among the limited number of defenses set forth in the Washington Securities Act.

Second, this dispute does not meet the limited circumstances where Defendants may invoke defenses of *in pari delicto* and unclean hands to Somerset's securities fraud claims.  Common law defenses generally are not applicable to federal statutes like securities laws which have a significant interest in protecting the public.  Perma Life Mufflers, Inc. v. International Parts Corp., 392 U.S. 134, 138, 20 L. Ed. 2d 982, 88 S. Ct. 1981 (1968).  Defendants can assert alleged culpability of Somerset as a defense only where "(1) as a direct result of [its] own actions, the plaintiff bears at least substantially equal responsibility for the violations [it] seeks to redress, and (2) preclusion of suit would not significantly interfere with the effective enforcement of the securities laws and protection of the investing public."  Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 310-311, 105 S. Ct. 2622, 86 L. Ed. 215 (1985).  Here, the best evidence is that Somerset relied upon Defendants' false and misleading statements and omissions in repeating the same to its members and that Somerset in no way bears substantially equal responsibility.  More importantly, excusing Defendants' wrongful conduct because Somerset repeated it to its members would contradict and

Plaintiff's Motions in Limine - 2 of  5

TACEY GOSS P.S.
330 112th Avenue NE, Suite 301
Bellevue, WA  98004
Office 425.489.2878  -  Facsimile 425.489.2872
WWW.TACEYGOSS.COM

significantly interfere with the effective enforcement of the securities laws and protection of the investing public.

Finally, Defendants cannot assert estoppel and laches defenses when they executed successive tolling agreements from December 2nd, 2011 through November 13th, 2013 explicitly waiving "any and all defenses that may arise during or as result of the Tolling period, including but not limited to statutes of limitation and laches."

**MOTION IN LIMINE NO. 2:**

Somerset moves to preclude Defendants from introducing evidence or arguments asserting that Somerset or Moore committed a violation of federal or state securities laws or committed negligence or made any misrepresentation.  Including Defendants' false or misleading representations and omissions in the Somerset Private Placement Memorandum does not make Somerset or Moore "makers" of the statements.  In Janus Capital Group v. First Derivative Traders,     U.S.    , 131 S.Ct. 2296, 180 L. Ed. 2d 166 (2011), the Court determined that:

> For purposes of Rule 10b-5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it. Without control, a person or entity can merely suggest what to say, not 'make' a statement in its own right. One who prepares or publishes a statement on behalf of another is not its maker. And in the ordinary case, attribution within a statement or implicit from surrounding circumstances is strong evidence that a statement was made by — and only by — the party to whom it is attributed.

Janus, 131 S.Ct. at 2302.  Here, the Somerset is not a "maker" of statements because its PPM explicitly attributes its Fourpoints information to Fourpoints management.  It states:

> **7. Due Diligence.** . . . While [Somerset] has assembled the material documents relating to making this investment, it is expressly understood (i) [Somerset] and its management is serving in an accommodating capacity to its investors and is

Plaintiff's Motions in Limine - 3 of  5

TACEY GOSS P.S.
330 112th Avenue NE, Suite 301
Bellevue, WA  98004
Office 425.489.2878  -  Facsimile 425.489.2872
WWW.TACEYGOSS.COM

> relying solely on the representations made by management of [Fourpoints] and the documents furnished to them in connection with this offering . . .

Somerset's attribution of Fourpoints' information to Defendants precludes Defendants from introducing evidence or argument alleging that Somerset or Moore violated securities laws.

**MOTION IN LIMINE NO. 3:**

Somerset moves to preclude Defendants from introducing evidence or arguments of any duty or standard of a broker/dealer where Somerset is not a broker or a dealer. Somerset is not a broker. The 1934 Act defines a "broker" as "any person engaged in the business of effecting transactions in securities for the account of others." 1934 Act § 3(a)(4)(A), 15 U.S.C. § 78c(a)(4)(A). Although members of Somerset contributed capital to the company for the purchase of Fourpoints units, Somerset purchased Fourpoints units for itself and not for another.

Somerset is not a dealer. The Exchange Act defines "dealer" as "any person engaged in the business of buying and selling securities for such person's own account through a broker or otherwise," but specifically excludes from the definition "a person that buys or sells securities for such person's own account, either individually or in a fiduciary capacity, but not as a part of a regular business." 15 U.S.C. § 78c(a)(5). This definition "connote[s] a certain regularity of participation in securities transactions at key points in the chain of distribution." Mass. Fin. Servs., Inc. v. Sec. Investor Prot. Corp., 411 F. Supp. 411, 415 (D. Mass. 1976); see also SEC v. Ridenour, 913 F.2d 515, 517 (8th Cir. 1990) (finding that the defendant was a dealer because his high "level of [trading] activity . . . made him more than an active investor"). "[T]he primary indicia in determining that a person has 'engaged in the business' within the meaning of the term 'dealer' is that the level of participation in purchasing and selling securities involves more than a few isolated transactions. United States SEC v. Big

Plaintiff's Motions in Limine - 4 of 5

TACEY GOSS P.S.
330 112th Avenue NE, Suite 301
Bellevue, WA  98004
Office 425.489.2878  -  Facsimile 425.489.2872
WWW.TACEYGOSS.COM

Apple Consulting U.S.A., Inc., 2011 U.S. Dist. LEXIS 95292 at 28-29 (M.D. Fla. Aug. 25, 2011).  There is no evidence that Somerset has engaged in any other securities transactions.

Further, it is an improper legal conclusion for Defendants' expert to opine upon any duty that a broker dealer is required to investigate "red flags" or a duty of providing fair and balanced information to the public.   "Such an opinion usurps the Court's role in instructing the jury and is inadmissible."  Big Apple Consulting U.S.A., Inc., 2011 U.S. Dist. LEXIS 95292 at 13.

### Conclusion

For the reasons above, the court should grant Somerset's Motions in Limine.

Respectfully submitted this 29th day of December, 2015.

<div style="margin-left:3em">

TACEY GOSS P.S.

/S/ *C. Chip Goss*

_____
C. Chip Goss          WSBA #22112
Attorney for Plaintiff Somerset
330 112th Ave NE, Suite 301
Bellevue, WA  98004
425.489.2878
Chip@TaceyGoss.com

</div>

Plaintiff's Motions in Limine - 5 of 5

TACEY GOSS P.S.
330 112th Avenue NE, Suite 301
Bellevue, WA  98004
Office 425.489.2878  -  Facsimile 425.489.2872
WWW.TACEYGOSS.COM