THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOMERSET COMMUNICATIONS GROUP, LLC, a Washington limited liability company, | No. 2:13-cv-02084-JCC |
| Plaintiff, | **DEFENDANTS' MOTIONS IN LIMINE** |
| vs. | **NOTE ON MOTION CALENDAR: JANUARY 11, 2016** |
| WALL TO WALL ADVERTISING, INC., a Delaware corporation; DONALD E. MACCORD JR., and ANDREA MACCORD, individually and as a marital community, SHANNON DOYLE and TRACEY Z. DOYLE, individually and as a marital community; S.D. DOYLE, LTD., a Maryland corporation; and FOURPOINTS HOLDING, LLC, a Delaware limited liability company, | **TRIAL SCHEDULED: MONDAY, JANUARY 11, 2016** |
| Defendants. | |

DEFENDANTS' MOTIONS IN LIMINE
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

## MOTION IN LIMINE NO. 1

2

**Motion to exclude any evidence or mention of the unproven allegations in prior lawsuits**

3    Defendants request an order excluding any evidence, testimony, or mention of the
4 allegations and claims made against Donald MacCord or Shannon Doyle or their companies in
5 prior lawsuits.  Plaintiffs will likely seek to elicit testimony and otherwise present evidence of the
6 allegations made against Defendants in a 2010 lawsuit brought by certain of the owners of
7 Fourpoints.  Those claims, which concerned allegations regarding misuse of company resources,
8 were never proven and were dismissed with prejudice pursuant to a settlement agreement
9 whereby Plaintiffs agreed to accept a nominal sum.  Such allegations are not relevant or probative
10 to any of the claims or defenses in this case and in fact would be highly prejudicial and confusing
11 to the jury.

12    Defendants acknowledge that certain aspects of the prior lawsuit may come into evidence.
13 For example, prior declarations of the Defendants may come into evidence and Defendants will
14 need to address these declarations.  However, any such references to the prior lawsuit should not
15 include mention of the unproven allegations or claims of the lawsuit.  The allegations of the prior
16 lawsuit are not relevant to the issues in this matter and allowing evidence of such allegations risks
17 a time-consuming and unnecessary mini-trial regarding claims not before the jury that Defendants
18 will have to explain.

19    Federal Rule of Evidence 402 provides that irrelevant evidence is not admissible. Federal
20 Rule of Evidence 404(b) states: "Evidence of other crimes, wrongs, or acts is not admissible to
21 prove the character of a person in order to show action in conformity therewith. It may, however,
22 be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,
23 knowledge, identity, or absence of mistake or accident[.]" In the Ninth Circuit, "[t]he appropriate
24 test to determine admissibility under Rule 404(b) ... provides: (1) the other act evidence must tend
25 to prove a material point; (2) the other act must not be too remote in time; (3) the evidence must

DEFENDANTS' MOTIONS IN LIMINE - 1
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  be sufficient to support a finding that the defendant committed the other act; and (4) in some

2  cases, the other act must be similar to the offense charged." *United States v. Bibo-Rodriguez*, 922

3  F.2d 1398, 1400 (9th Cir.1991). "[E]ven if all four conditions are met, the evidence may still be

4  excluded if under a Federal Rule of Evidence 403 analysis its probative value is substantially

5  outweighed by the danger of unfair prejudice." *Id*. at 1400-01.

6        Courts regularly exclude evidence regarding prior lawsuits. *See, e.g., Ward v. Estaleiro*

7  *Itajai S/A*, 05-61821 CIV, 2008 WL 1749475, at *1 (S.D. Fla. Apr. 10, 2008) (excluding evidence

8  of prior litigation, damages awarded, and attorney's fees incurred); *Turner v. Univ. of WA*, C05-

9  1575RSL, 2007 WL 2984684, at *1 (W.D. Wash. Oct. 10, 2007) (excluding evidence of prior

10  lawsuit; *John Hamatie, Monique Hamatie v. Louisville Ladder, Inc*., 6:06-CV-817-ORL-18,

11  2007 WL 7626033, at *1 (M.D. Fla. Oct. 24, 2007) (excluding evidence of prior claims and

12  lawsuits).

13        Here, evidence regarding prior, unproven claims and allegations is simply not relevant to

14  any of the claims or defenses in this matter, is highly prejudicial given the nature of the

15  allegations in the prior lawsuit, is likely to confuse the jury, and risk an unnecessary mini-trial on

16  claims not before the jury.  Accordingly, such evidence should be excluded.

17

18  **MOTION IN LIMINE NO. 2**

19  **Motion to exclude any evidence or mention of the tolling agreements**

20        Defendants request an order excluding any evidence, testimony, or mention of the tolling

21  agreements entered into by the parties.  Between 2011 and 2013 the parties entered into multiple

22  tolling agreements in an effort to come to an agreement that would resolve this dispute without

23  resorting to litigation.   These tolling agreements contain promises by Defendants to make

24  payments as consideration for the tolling of the statute of limitations on Plaintiffs' claims.

25  Plaintiffs will likely attempt to introduce evidence of and elicit testimony regarding the tolling

DEFENDANTS' MOTIONS IN LIMINE - 2
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG& MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  agreements and the terms and conditions of the agreements.  Such evidence should be excluded

2  under Federal Rules of Evidence 402, 403 and 408.

3      First, the tolling agreements are not relevant to any of the claims or defenses in this

4  matter.  As mediator Jim Smith noted, this is a case that should be resolved by settlement (see Dkt

5  No. 85 and letter to the Court).  Defendants have expended significant effort to reach a settlement

6  agreement short of trial.  This effort includes participation in two mediations and the entry of

7  multiple tolling agreements.  The tolling agreements were entered in an attempt to allow the

8  parties time to reach a settlement.

9      Plaintiff will likely attempt to use the tolling agreements, and their terms, to show that

10  Defendants are culpable.  Plaintiffs should not be able to use the fact that Defendants tried to

11  settle this matter against Defendants.  More importantly, the tolling agreements and their terms

12  are not part of this lawsuit.  They are not relevant to any of the claims or defenses and they do not

13  tend to make any of Plaintiff's allegations more or less likely.  Plaintiff is not suing on the tolling

14  agreements.  They should be excluded under FRE 402.

15      Second, the tolling agreements are highly prejudicial in that they contain promises by

16  Defendants to make certain payments.  Plaintiffs will claim that such promises are indicative of

17  culpability.  But there is no connection (and therefore no probative value) between the terms of

18  the tolling agreement and the merits of Plaintiffs' claims.  The tolling agreements were contracts

19  solely designed to preserve the parties' rights with respect to any claims while they attempted to

20  reach settlement.  They were not negotiated or designed to reflect the merits of any claims that

21  Plaintiffs may have had.  And they should not be presented as evidence in support of such claims.

22  The tolling agreements should be excluded from evidence under FRE 403.

23      Finally, the tolling agreements should be excluded under FRE 408 because they are offers

24  of consideration in compromising or attempting to compromise the claim.  FRE 408(a)(1).  The

25  policies behind the exclusion of FRE 408 evidence are applicable here.  First, as noted above, any

DEFENDANTS' MOTIONS IN LIMINE - 3
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  evidence in the tolling agreements is "irrelevant since the offer may be motivated by a desire for

2  peace rather than from any concession of weakness or position."  FRE 408 Advisory Committee

3  Note.  Second, public policy favors the "compromise and settlement of disputes."  *Id.*  Allowing a

4  party to use an attempt at an offer of compromise against his or her opponent, ignores this public

5  policy and, in fact, may cause parties to re-think offers of compromise if they can be used against

6  them in court.

7          For all of the above reasons, any evidence, testimony, or mention of the tolling agreements

8  entered into by the parties should be excluded.

9

10                                    **MOTION IN LIMINE NO. 3**

11      **Motion to exclude any evidence related to the fact that MacCord drove a Bentley**

12          Defendants request an order excluding any evidence, testimony, or mention of the fact that

13  Donald MacCord leased and drove a Bentley automobile during and after his work as CEO of

14  Fourpoints Communications.  In the depositions of Mr. MacCord and Mr. Doyle, Plaintiffs sought

15  to elicit testimony regarding Mr. MacCord's use of the Bentley while he was employed by

16  Fourpoints to show that Mr. MacCord misused Fourpoints corporate resources and to attempt to

17  show that Mr. MacCord used Somerset funds to pay for the lease of the Bentley and other

18  automobiles.  The truth is that Fourpoints paid for the lease of the Bentley with full knowledge

19  while Mr. MacCord was employed as CEO.  The Bentley was important to Mr. MacCord's sales

20  relationships with Native American tribes.  Following Mr. MacCord's departure, Mr. MacCord

21  returned the Bentley to the dealership.   At no point did Mr. MacCord or Mr. Doyle use

22  Somerset's investment funds to pay for the leases of the Bentley or any other automobiles that

23  were paid for by Fourpoints for Mr. MacCord's use.  There is no evidence that the use of or

24  payment for the Bentley or any other automobile provided by Fourpoints is in any way related to

25  the securities fraud allegations in this litigation.

DEFENDANTS' MOTIONS IN LIMINE - 4
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1       At trial, Plaintiffs will likely seek to present testimony regarding the fact that Mr.

2   MacCord drove a Bentley.  Such evidence is irrelevant under Federal Rule of Evidence 402. The

3   fact that Mr. MacCord drove a Bentley or other automobiles that were paid for by Fourpoints is

4   not relevant to any of the claims or defenses at issue in this litigation and does not tend to prove

5   or disprove any fact that will be material at trial.  Such evidence is also highly prejudicial under

6   FRE 403.  Jurors may react negatively to the fact that one of the Defendants drove a Bentley as

7   part of his work.  Such a reaction is liable to color the jurors' impression of Mr. MacCord and

8   inhibit the jurors' ability to evaluate the available evidence in an impartial manner.  Because it

9   bears no relevance to the issues in this litigation and because it is prejudicial, any evidence,

10  testimony, or mention of the fact that Mr. MacCord leased and drove a Bentley should be

11  excluded.

12      DATED this 4th day of January, 2016.

13                                  CORR CRONIN MICHELSON
14                                  BAUMGARDNER FOGG & MOORE LLP

15                                  s/ Steven W. Fogg
                                    Steven W. Fogg, WSBA 23528
16                                  Todd T. Williams, WSBA 45032
                                    1001 4th Avenue, Suite 3900
17                                  Seattle, WA 98154-1051
                                    Telephone: 206-625-8600
18                                  Facsimile: 206-625-0900
                                    sfogg@corrcronin.com
19                                  twilliams@corrcronin.com

20
                                    *Attorneys for Defendants Wall To Wall Advertising,*
21                                  *Inc.; Donald E. MacCord Jr. and Andrea MacCord,*
                                    *Individually and as a Marital Community, Shannon*
22                                  *Doyle and Tracey Z. Doyle, Individually and as a*
                                    *Marital Community; and S.D. Doyle, LTD.*
23

24

25

CORR CRONIN MICHELSON
BAUMGARDNER FOGG& MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

1.      I am employed at Corr Cronin Michelson Baumgardner Fogg & Moore LLP, attorneys of record for Defendants Wall To Wall Advertising, Inc.; Donald E. MacCord Jr. and Andrea MacCord, Individually and as a Marital Community, Shannon Doyle and Tracey Z. Doyle, Individually and as a Marital Community; and S.D. Doyle, LTD.

2.      I hereby certify that I filed the foregoing document through the Court's ECF service which will send notification of filing to the following:

C. Chip Goss, WSBA No. 22112
TACEY GOSS PS
330 112th Ave NE, Suite 301
Bellevue, WA 98004
Telephone: 425-489-2878
Email: chip@taceygoss.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 4th day of January, 2016 at Seattle, Washington.

*s/ Lauren Beers*
Lauren Beers

DEFENDANTS' MOTIONS IN LIMINE - 3
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900