THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOMERSET COMMUNICATIONS GROUP, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WALL TO WALL ADVERTISING, INC., a Delaware corporation; DONALD E. MACCORD JR., and ANDREA MACCORD, individually and as a marital community, SHANNON DOYLE and TRACEY Z. DOYLE, individually and as a marital community; S.D. DOYLE, LTD., a Maryland corporation; and FOURPOINTS HOLDING, LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:13-cv-02084-JCC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE** |

Defendants Wall To Wall Advertising, Inc. ("W2W"), Donald E. MacCord Jr. and Andrea MacCord, Individually and as a Marital Community, Shannon Doyle and Tracey Z. Doyle, Individually and as a Marital Community, and S.D. Doyle, LTD ("Defendants") submit this opposition in response to Plaintiff Somerset Communications Group, LLC's ("Somerset") attempt to bar evidence integral to the Defendants' defenses, including the affirmative defenses of unclean

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 1
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

hands and *in pari delicto*. Somerset's own authority states that motions *in limine* are intended to "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). Yet the evidence that Somerset seeks to bar is relevant and not prejudicial. The Court should deny Somerset's motions, which lack both evidentiary and legal support.

**RESPONSE TO MOTION IN LIMINE NO. 1:**

Somerset's first motion *in limine* seeks to prevent Defendants from presenting evidence on a host of affirmative defenses. Contrary to Somerset's claim, the affirmative defenses that Defendants will pursue are permissible under federal and state securities laws. Defendants have withdrawn and will not pursue at trial the affirmative defenses of estoppel and laches. Defendants do intend to present evidence regarding *in pari delicto* and unclean hands defenses.

Both *in pari delicto* and unclean hands defenses are recognized by courts as proper affirmative defenses to securities actions. First, contrary to Somerset's claim that common law defenses are not applicable here, the Supreme Court has acknowledged the appropriateness of the *in pari delicto* defense in a variety of securities actions, whether the plaintiff's fault is innocent, intentional, or willful. *Pinter v. Dahl*, 486 U.S. 622, 633, 108 S. Ct. 2063, 2071, 100 L. Ed. 2d 658 (1988). Courts around the country have allowed *in pari delicto* as a defense to securities fraud claims. *See Ross v. Bolton*, 904 F.2d 819, 826 (2d Cir. 1990) (finding *in pari delicto* a complete bar to suit); *Fogarty v. Sec. Trust Co.*, 532 F.2d 1029, 1034 (5th Cir. 1976) (allowing *in pari delicto* defense); *Malamphy v. Real-Tex Enterprises, Inc.*, 527 F.2d 978, 980 (4th Cir. 1975) (affirming submission to the jury of *in pari delicto* defense); *Hogan v. Teledyne, Inc.*, 328 F. Supp. 1043, 1047 (N.D. Ill. 1971) (finding plaintiff was *in pari delicto*).

Courts have similarly recognized that unclean hands is a defense to securities fraud claims seeking both equitable and legal relief. *See Kuehnert v. Texstar Corp.*, 412 F.2d 700, 704 (5th Cir. 1969) ("the doctrine remains applicable, since it expresses a general principle equally suited to

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 2
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

damage actions"); *Jaksich v. Thomson McKinnon Sec., Inc.*, 582 F. Supp. 485, 503 (S.D.N.Y. 1984) (damage counterclaim); *Sloan v. Canadian Javelin, Ltd.*, Fed. Sec. L. Rep. (CCH) ¶94,579, at 96,032 (S.D.N.Y. 1974) (plaintiff requests damages and declaratory relief); *Wohl v. Blair & Co.*, 50 F.R.D. 89, 92 (S.D.N.Y. 1970) (quoting *Kuehnert* supra).

Second, even under the *Bateman Eichler* test advanced by Somerset, Defendants are permitted to avail themselves of the *in pari delicto* defense. Here, Somerset bears equal responsibility for the violations it seeks to redress. Somerset seeks, via its securities fraud claims, to unwind the investments of its members. But Somerset had equal, if not greater responsibility for the investments in the first place. Somerset through its manager Bill Moore performed six months of diligence in the investment, Somerset and Bill Moore hired lawyers and accountants to review the underlying documents, Somerset and Bill Moore created the Private Placement Memorandum that described the investment and its risks, Somerset and Bill Moore found and solicited the investors that contributed money, and under the terms of Somerset's investment, Bill Moore would have received 20 percent of any profits – more than any other investor. Somerset and Bill Moore performed all of these actions without registering as brokers or investment advisors as was required under the Securities Exchange Act of 1934.[1] Without Somerset's verification and promotion of this investment to its members we would not be here. A jury should be able to weigh whether, after all the evidence is presented, Somerset's culpable conduct bars it from recovery.

Additionally, the preclusion of Somerset's lawsuit under the doctrine of *in pari delicto* would not interfere with the effective enforcement of the securities laws and protection of the

---

[1] *See*, *e.g.,* 15 U.S.C. § 78c(a)(4)(A), which defines a broker as "any person engaged in the business of effecting transactions in securities for the account of others"; 15 U.S.C. § 78o(a)(1), which states that it is unlawful for a broker or dealer to make use of means of interstate commerce to effect any securities transaction unless that broker is registered; and the Securities and Exchange Commission website, which states, "a person who sells securities that are exempt from registration under Regulation D of the 1933 Act must nevertheless register as a broker-dealer." Available at: http://www.sec.gov/divisions/marketreg/bdguide.htm.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 3
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

investing public. Somerset is not the real aggrieved party here. Somerset is simply a pass-through entity that allowed individual investors to pool their money in the investment that Bill Moore promoted. Somerset seeks to shield itself from responsibility to its members through this lawsuit but the members themselves (the real parties in interest) still have the ability to seek recovery against Somerset and Bill Moore.

Somerset bears at least equal responsibility for any harm caused by the claims it alleges. The defense of *in pari delicto* (and its companion unclean hands) is grounded on the premise that courts should not lend their services to mediating disputes among wrongdoers. *Bateman Eichler*, *Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306, 105 S. Ct. 2622, 2626, 86 L. Ed. 2d 215 (1985). This purpose applies here. Somerset and Bill Moore worked hand-in-hand with Defendants in putting together the securities offering and promoting it to Moore's circle of investors. Defendants should be able to present evidence of Somerset's culpable conduct. Somerset's motion *in limine* should be denied.

Finally, Somerset makes the questionable claim that *Go2net, Inc. v. Freeyellow.Com, Inc.*, 158 Wn.2d 247, 251, 143 P.3d 590, 591 (2006) precludes the use of any equitable defenses to claims under the Washington State Securities Act ("WSSA"). Motion at 2. A close reading of the case reveals that the holding addresses only the proposed equitable defenses of waiver and estoppel. *Id*. at 254 ("We reject Molino's contention that waiver and estoppel should be available defenses to a claimed violation of the Act"). Moreover, Defendants do not seek to "avoid liability by shifting the focus to the postsale conduct of the uninformed investor." *Go2net,* 158 Wn.2d at 254. Rather, Defendants seek to use the defenses of *in pari delicto* and unclean hands to show that Somerset was equally culpable in making the presale misrepresentations and omissions that they complain of. Somerset and should not be allowed to use the securities laws to shield itself from its own blameworthy conduct. Importantly, Washington RCW 21.20.900 expressly provides that the interpretation and administration of WSSA should be coordinated with related federal

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 4
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  regulations. The defenses of *in pari delicto* are equally applicable to the WSSA claims as they are
2  the federal securities claims.

3  **RESPONSE TO MOTION IN LIMINE NO. 2:**

4  Somerset's second motion *in limine* is an overly broad attempt to avoid responsibility for
5  complying with *any* of the legal standards applicable to sophisticated investors. The Defendants
6  intend to present extensive evidence regarding their defenses, including the affirmative defensives
7  of unclean hands and *in pari delicto*, by showing that Somerset violated securities laws and acted
8  as an unregistered broker/dealer.

9  First, Somerset has not come close to meeting its burden to show evidence of wrongdoing
10 by Somerset or its founder, William Moore, "is irrelevant . . . or, even if relevant, [] its probative
11 value is substantially outweighed by the danger of unfair prejudice it presents." *Henry v. Wyeth*
12 *Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010). Indeed, Somerset's attempt to bar "evidence or
13 arguments asserting that Somerset or Moore . . . made any misrepresentation," is so broad that it
14 would prevent the Defendants from impeaching the credibility of any Somerset witness at trial.
15 Mot. at 3. Defendants are clearly permitted to offer evidence regarding "matters affecting the
16 witness's credibility." Evidence Rule 611.

17 Somerset's sole support for its motion is *Janus Capital Group, Inc. v. First Derivative*
18 *Traders*, 564 U.S. 135 (2011), which says nothing about exclusion of evidence showing the
19 plaintiff "committed a violation of federal or state securities laws or committed negligence or made
20 any misrepresentation." Mot. at 3. In *Janus*, the Supreme Court held that mutual fund advisors
21 could not be held liable for untrue statements in the prospectus of another company, even though
22 the advisors were involved in preparation of the prospectus. 564 U.S. 135. Somerset's motion
23 flips *Janus* on its head, arguing that Somerset cannot be held responsible for statements in its *own*
24 Private Placement Memorandum ("PPM"), because it attributed certain information to other
25 parties. While this misstates the holding of *Janus*, it also says nothing about whether Somerset

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 5
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

made misrepresentations outside the PPM or complied with the securities laws governing this transaction.

Second, evidence of Somerset's compliance with securities laws is admissible because it is directly relevant to the Defendants' defenses, including the affirmative defenses of unclean hands and *in pari delicto*. The doctrine of unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc*., 890 F.2d 165, 173 (9th Cir. 1989). Likewise, under the doctrine of *in pari delicto*, "the defendant will prevail when the parties are of equal guilt." *Golberg v. Sanglier*, 96 Wash. 2d 874, 882 (1982). Evidence of Somerset's misconduct is the core of these defenses. Thus, this "[r]elevant evidence is admissible." Evidence Rule 402.

Furthermore, the PPM is independently admissible because it shows the information available to Somerset at the time of these transactions and it goes directly to whether Somerset relied on the allegedly misleading information and whether the alleged misstatements, if any, were material. The PPM warned Somerset investors that "Investment in this Company involves a substantial degree of risk. Only those investors who can bear the loss of their entire investment should invest in these interests." Among other information, the PPM included (1) a list of "fully funded and currently operational" billboards, (2) a 2009-2010 Operational Results/Projection Summary financial document, and (3) sample advertising contracts. The schedule of "fully funded and currently operational" signs contains no mention of the Pala signs, which shows Somerset knew the Pala signs were not operational when it decided to invest.

The Court should allow the Defendants to present evidence of Somerset's wrongdoing, which is integral to the Defendants' defenses at trial and is relevant to the elements of materiality and reliance.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 6
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**RESPONSE TO MOTION IN LIMINE NO. 3:**

Somerset's third motion *in limine* seeks to preclude any testimony or argument regarding whether Somerset or Bill Moore was a "broker" or "dealer" within the meaning of the securities laws. This evidence is critical and directly relevant to Defendants' argument that the contracts that Somerset seeks to enforce are void as a result of Somerset and Bill Moore's failure to register as brokers or dealers. *Eastside Church of Christ v. Nat'l Plan, Inc.*, 391 F.2d 357, 362 (5th Cir. 1968) (holding transactions void due to failure of broker or dealer to register) 15 U.S.C. § 78cc(b); 15 U.S.C. 78o(a)(1). Defendants intend to move for a directed verdict on this defense at the close of Plaintiffs' case.

The Exchange Act defines a broker as "any person engaged in the business of effecting transactions in securities for the account of others." 15 U.S.C. § 78c(a)(4)(A). Courts identify a broker by examining, among other factors, "whether that person 1) is an employee of the issuer; 2) received commissions as opposed to a salary; 3) is selling, or previously sold, the securities of other issuers; 4) is involved in negotiations between the issuer and the investor; 5) makes valuations as to the merits of the investment or gives advice; and 6) is an active rather than passive finder of investors." *SEC v. Hansen*, 1984 WL 2413, at *10 (S.D.N.Y. Apr. 6, 1984).

Section 29(b) of the Exchange Act, 15 U.S.C. § 78cc(b), provides that "every contract made in violation of any provision of this chapter or any rule or regulation thereunder…shall be void…as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract."

Defendants will present evidence at trial showing that Somerset and its founder Bill Moore acted as an unregistered broker, in violation of the securities laws.[2] As a result, Section 29(b) of

---

[2] The Washington State Securities Act has similar requirements for the registration of "broker" and "dealers", which it defines as "[A]ny person engaged in the business of effecting transactions in securities for the account of others or for that person's own account." RCW 21.20.005(1). RCW 21.20.430(5) provides:

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 7
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  the Exchange Act prevents Somerset from enforcing the contracts that resulted from its illegal behavior.  *See Couldock & Bohan, Inc. v. Societe Generale Sec. Corp*., 93 F. Supp. 2d 220, 231 (D. Conn. 2000) (finding plaintiff was a broker-dealer and that failure to register rendered agreements void and unenforceable).  The Defendants will show at trial that Somerset and Bill Moore actively solicited its investors, employed attorneys and accountants to value and structure Somerset's investments in W2W, prepared the PPM that outlined the risks involved, and personally advised investors on the merits of the investments.

"[R]egularity of participation" is a "primary indicia" that a person operates as a securities broker.  *S.E.C. v. Kenton Capital, Ltd*., 69 F. Supp. 2d 1, 12 (D.D.C. 1998).  In *Kenton Capital,* for example, the Court identified an unregistered broker because it solicited pledges from forty investors and then collected nearly $2,000,000 in actual funding.  Likewise, the Defendants will show that Somerset and Moore actively solicited over twenty five investors for investments in Somerset and Fourpoints.  As just one example, Somerset's largest investor, Ernie Ankrim, testified that he invested in Fourpoints, via Somerset, based solely on Moore's description of the investment opportunity, without reviewing any of the financial documents he was provided.  Deposition of Ernest Ankrim, at 19:4-20:2 (Feb. 8, 2015) ("Q:  What diligence did you personally do with the Somerset investment before investing?  A:  Zero.").  Somerset also engaged in regular participation in securities transactions by structuring fifteen separate investments into W2W over the course of a year.

Furthermore, Moore testified that he was compensated not through a salary, but via an operating agreement that reimbursed him for using his "own funds to form Somerset and to get the

---

"No person who has made or engaged in the performance of any contract in violation of any provision of this chapter or any rule or order hereunder, or who has acquired any purported right under any such contract with knowledge of the facts by reason of which its making or performance was in violation, may base any suit on the contract. Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereunder is void."

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 8
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

initial investors in." Deposition of William Moore, at 66:8-13 (Jan. 8, 2015). This "transaction-based compensation factor[] is one of the hallmarks of broker status." *Landegger v. Cohen*, 2013 WL 5444052, at *5 (D. Colo. Sept. 30, 2013). The Court should reject Somerset's bare-bones attempt to prevent Defendants from presenting this evidence at trial.

The Court should similarly reject any attempt to limit expert testimony regarding industry standards for broker/dealers, which will reveal that Somerset lacks any reasonable reliance on the alleged misrepresentations, due to, among other factors, "the sophistication and expertise of the plaintiff in financial and securities matters," Somerset's "access to the relevant information," and its "opportunity to detect the fraud." *Stewart v. Estate of Steiner*, 122 Wash. App. 258, 274 (2004).

In addition to arguments regarding the definition of a broker/dealer, Somerset claims expert testimony regarding industry standards would present improper legal conclusions to the jury. However, "the realm of securities regulation is arcane and inaccessible even to many legal professionals not versed in the subject." *Remington v. Newbridge Sec. Corp.*, 2014 WL 505153, at *3 (S.D. Fla. Feb. 7, 2014). Therefore, expert commentary on such regulations is "an accepted and oft-utilized means of establishing the applicable industry standard," rather than an impermissible legal conclusion. *Id.* at *5. Furthermore, Defendants' expert witness, Lorraine Barrick, will testify regarding industry standards set by FINRA, which are not law, but rather the rules of a private organization.[3] Numerous courts have recognized that expert testimony regarding FINRA rules does not encroach upon the Court's domain. *See, e.g., Remington*, 2014 WL 505153, at *5; *Vucinich v. Paine, Webber, Jackson & Curtis, Inc.*, 803 F.2d 454, 461 (9th Cir. 1986); *United States v. Jensen*, 608 F.2d 1349, 1356 (10th Cir. 1979).

Even Somerset's own authority does not support its argument. Somerset relies on a district court opinion excluding expert testimony about "the legal duties of brokers and dealers," but the

---

[3] FINRA is a Self-Regulatory Organization authorized by the Securities Exchange Act of 1934 that establishes and enforces standards of conduct for broker/dealers and their registered representatives.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE - 9
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

court acknowledged that experts can properly testify about "the standard practices of broker dealers." *U.S. S.E.C. v. Big Apple Consulting USA, Inc.*, 2011 WL 3753581, at *5 (M.D. Fla. Aug. 25, 2011), *aff'd*, 783 F.3d 786 (11th Cir. 2015). On appeal, the Eleventh Circuit agreed that an expert can offer an "opinion about the standard of practice a broker-dealer should meet," without straying across the boundaries of "an improper legal conclusion." 783 F.3d at 812. Similarly, Defendants' expert, Ms. Barrick, will testify regarding the industry standards for broker/dealers, without intruding on the legal conclusions reserved for the Court. The Court should allow Defendants to present evidence regarding industry standards for broker/dealers, rather than excluding this evidence at trial.

DATED this 21st day of January, 2016.

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP

*s/ Steven W. Fogg*
Steven W. Fogg, WSBA 23528
Todd T. Williams, WSBA 45032
1001 4th Avenue, Suite 3900
Seattle, WA 98154-1051
Telephone: 206-625-8600
Facsimile: 206-625-0900
sfogg@corrcronin.com
twilliams@corrcronin.com

*Attorneys for Defendants Wall To Wall Advertising, Inc.; Donald E. MacCord Jr. and Andrea MacCord, Individually and as a Marital Community, Shannon Doyle and Tracey Z. Doyle, Individually and as a Marital Community; and S.D. Doyle, LTD.*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 10
No. 2:13-cv-02084-JCC

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# **CERTIFICATE OF SERVICE**

The undersigned declares as follows:

1. I am employed at Corr Cronin Michelson Baumgardner Fogg & Moore LLP, attorneys of record for Defendants Wall To Wall Advertising, Inc.; Donald E. MacCord Jr. and Andrea MacCord, Individually and as a Marital Community, Shannon Doyle and Tracey Z. Doyle, Individually and as a Marital Community; and S.D. Doyle, LTD.

2. I hereby certify that I filed the foregoing document through the Court's ECF service which will send notification of filing to the following:

C. Chip Goss, WSBA No. 22112
TACEY GOSS PS
330 112th Ave NE, Suite 301
Bellevue, WA 98004
Telephone: 425-489-2878
Email: chip@taceygoss.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 21st day of January, 2016 at Seattle, Washington.

*s/ Lauren Beers*
Lauren Beers

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 11
No. 2:13-cv-02084-JCC

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900