The Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Somerset Communications Group, LLC,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>Wall to Wall Advertising, Inc., et al.,<br><br>　　　　　　　　　　Defendants. | NO.  2:13 cv 02084  JCC<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE |

COMES NOW Somerset Communications Group, LLC, Plaintiff (Somerset), and submits the following response in opposition to Defendants' Motions in Limine:

**MOTION IN LIMINE NO. 1:**

Defendants' motion to exclude evidence or mention of unproven allegations in the prior lawsuit by Fourpoints Investors should be denied where Defendants opened the door through direct questioning of Fourpoints Investors' Peter Hopper and Martin Friedman in trial testimony explicitly taken by video deposition under court order.

Trial in this matter was continued by Minute Order September 2nd, 2015.  That order provided "[n]o further dispositive motions or discovery will be allowed."  Preservation depositions after the discovery cut-off are typically rejected.  <u>Integra Lifesciences I. Ltd. v.</u>

Plaintiff's Response in Opposition
To Defendants' Motions in Limine - 1 of  3

TACEY GOSS P.S.
330 112th Avenue NE, Suite 301
Bellevue, WA  98004
Office 425.489.2878  -  Facsimile 425.489.2872
WWW.TACEYGOSS.COM

Merck KgaA, 190 F.R.D. 556, 559 (S.D. Cal. 1999)(allowing perpetuation depositions in lieu of trial testimony would effectively eliminate any need to conduct discovery of unavailable witnesses during the discovery period).  However, by agreement of the parties, this Court issued an order allowing the trial testimony of New York residents Peter Hopper and Martin Friedman to be taken and presented at trial by video deposition.  That order reads:

> [T]he parties wish to take the trial testimony of Peter Hopper and Martin Friedman by video deposition January 6th, 2016 . . . The Court therefore GRANTS the parties stipulated motion. Mr. Hopper's and Mr. Friedman's videotaped depositions may be presented at trial in lieu of live testimony.

During the trial testimony of Mr. Hopper and Mr. Friedman, Defendants' "opened the door" and waived any objections by asking direct questions about the prior lawsuit and the settlement of the allegations it raised.  See Deposition Excerpts, Goss Declaration Opposing Defendants' Motions in Limine.  Defendants cannot now maintain their motion in limine to exclude evidence they solicited from Mr. Hopper and Mr. Friedman in trial testimony.

**MOTION IN LIMINE NO. 2**

Where Defendants have withdrawn defenses of estoppel and laches, Somerset does not oppose excluding the Tolling Agreements unless Defendants dispute the amount of full reimbursement to Somerset.  The Tolling Agreements provide:

> As further additional and separate consideration for this tolling agreement, parties understand and agree that in the event Wall to Wall Advertising, Inc., Donald E. MacCord Jr. and Andrea MacCord, Shannon Doyle and Tracey Z. Doyle, or S.D. Doyle, Ltd., or any company controlled by Wall to Wall Advertising, Inc., Donald E. MacCord Jr. and Andrea MacCord, Shannon Doyle and Tracey Z. Doyle, or S.D. Doyle, Ltd., including but not limited to DigiOutdoor, receives any investment or loan funding for any purpose, **Somerset will receive full reimbursement of its invested funds in the undisputed amount of $2,028,000.00 plus additional 8% interest accruing from August 19, 2010.**  (Emphasis Added).

Plaintiff's Response in Opposition
To Defendants' Motions in Limine - 2 of 3

TACEY GOSS P.S.
330 112th Avenue NE, Suite 301
Bellevue, WA  98004
Office 425.489.2878  -  Facsimile 425.489.2872
WWW.TACEYGOSS.COM

Defendants have indicated they may attempt to assert offset claims for certain payments to Somerset or for tax benefits. Defendants waived these claims when they affirmed in the Tolling Agreements that full reimbursement to Somerset was "undisputed" in the amount of "$2,028,000 plus additional 8% interest accruing from August 19, 2010."

**MOTION IN LIMINE NO. 3**

Defendants attempt to exclude evidence of Don E. MacCord Jr.'s Bentley should be rejected. Defendants cite no authority for excluding the Bentley. Directly at issue in this matter is Somerset's reliance upon the representations of Mr. MacCord. The Bentley is an overt display of wealth that generates a reasonable belief and trust in an observer that the driver is a successful business person. The Bentley is an integral part of the picture presented to Somerset so that it would reasonably rely upon Mr. MacCord. Defendants' attempt to exclude the Bentley should be denied.

Respectfully submitted this 21st day of January, 2016.

TACEY GOSS P.S.

/S/ C. Chip Goss

_____
C. Chip Goss          WSBA #22112
Attorney for Plaintiff Somerset
330 112th Ave NE, Suite 301
Bellevue, WA  98004
425.489.2878
Chip@TaceyGoss.com

Plaintiff's Response in Opposition
To Defendants' Motions in Limine - 3 of 3

TACEY GOSS P.S.
330 112th Avenue NE, Suite 301
Bellevue, WA 98004
Office 425.489.2878  -  Facsimile 425.489.2872
WWW.TACEYGOSS.COM