THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SOMERSET COMMUNICATIONS GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WALL TO WALL ADVERTISING, INC., et al.,<br><br>Defendants. | CASE NO. C13-2084 JCC<br><br>ORDER DENYING DIRECTED VERDICT |

Defendants have moved for a directed verdict under Fed. R. Civ. P. 50 (Dkt. No. 117). It is uncontested that neither Plaintiff Somerset Communications Group, LLC nor its manager Bill Moore ever registered with the Securities and Exchange Commission as a broker or dealer. Defendants now argue that Somerset's contract with Defendant Wall to Wall Advertising, Inc.—which enabled Somerset to purchase units in Fourpoints Holding, LLC—is therefore void. The Court disagrees.

Under the Securities Exchange Act of 1934, only brokers and dealers registered with the SEC may conduct securities transactions using an instrumentality of interstate commerce. 15

U.S.C. § 78o(a)(1). § 78cc(b) provides that any contract made in violation of this law is void.[1] A number of courts have held that this means that a party to a prohibited contract may void that contract and any rights that accompany it, so long as the party is "in the class of persons the Act was designed to protect." *See, e.g.*, *Reg'l Properties, Inc. v. Fin. & Real Estate Consulting Co.*, 678 F.2d 552, 559 (5th Cir. 1982). As Defendants point out, the issuer of securities that an unregistered broker or dealer later sells is "obviously a member" of this class. *Id.* But Somerset was neither a broker nor a dealer, and there is insufficient evidence before the Court to determine whether Moore's previous activities qualify him for either category.

The Exchange Act defines a broker as "any person engaged in the business of effecting transactions in securities for the account of others." § 78c(a)(4)(A). However, "[a]n issuer that effects the distribution of its own securities is not engaging in transactions for the account of others but is instead selling securities for its own account." *Reg'l Properties, Inc. v. Fin. & Real Estate Consulting Co.*, 752 F.2d 178, 181 n.4 (5th Cir. 1985). Thus, such an entity is exempt from the Act's registration requirements. *Id*. It is undisputed that the only shares Somerset issued to investors were its own. Therefore, because Somerset was "selling securities for its own account," it could not have been a broker. Defendants argue that the facts here are tantamount to those in *Reg'l Properties, Inc.*, where the defendant was found to be a broker. In actuality, the facts diverge. There, the defendant formed an unregistered entity, "Financial," to sell partnership interests in "Regional," his separate business. *Id.* at 180. Here, Somerset is only issuing shares in Somerset.

The Exchange Act defines a dealer as "any person engaged in the business of buying and selling securities…for such person's own account through a broker or otherwise." § 78c(a)(5)(A). Excepted are those who do not engage in such activity "as part of a regular

---

[1] The Washington State Securities Act has similar requirements and is construed in conformity with federal law. *See* RCW 21.20.005(1); RCW 21.20.430(5); RCW 2.20.900.

ORDER DENYING DIRECTED VERDICT
PAGE - 2

1   business." § 78c(a)(5)(B).[2] "[T]he primary indicia in determining that a person has 'engaged in
2   the business' within the meaning of the term 'dealer' is that the level of participation in
3   purchasing and selling securities involves more than a few isolated transactions." *U.S. S.E.C. v.*
4   *Big Apple Consulting USA, Inc.*, No. 6:09-CV-1963-ORL-28, 2011 WL 3753581, at *9 (M.D.
5   Fla. Aug. 25, 2011) (quoting *In re Gordon Wesley Sodorff, Jr.*, 50 S.E.C. 1249, at * 4 (1992)).
6   Somerset was formed for the sole purpose of purchasing units in Fourpoints. Although some
7   witness testimony has obliquely referenced Moore's previous investments, essentially no
8   evidence has been introduced as to their pertinent details. Therefore, the only securities
9   transactions properly before the Court are Somerset's purchase of units in Fourpoints, and
10  Somerset's issuance of its own units to investors. This does not equal the "regularity of
11  participation" that would have required Somerset (or Moore) to register as a dealer.
12  *Massachusetts Fin. Servs., Inc. v. Sec. Inv'r Prot. Corp.*, 411 F. Supp. 411, 415 (D. Mass.) *aff'd*
13  545 F.2d 754 (1st Cir. 1976).
14      The Court therefore finds that because Plaintiff was not a broker or dealer, it was not
15  required to register with the SEC under 15 U.S.C. § 78o(a)(1). Defendants' motion for directed
16  verdict (Dkt. No. 117) is DENIED.
17      //
18      //
19      //
20      //
21      //
22      //

---

[2] In addition, "the Act has customarily been interpreted not to require the issuer itself to register as either a broker or a dealer." Exchange Act Release No. 34-13195, 1977 WL 174110, at *1 (proposed Jan. 21, 1977).

1     DATED this 28th day of January 2016.

 

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE